IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DWIGHT H. GREEN | § | |
| VS. | § | CIVIL ACTION NO. 5:15cv109 |
| SCOTT YOUNG | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dwight H. Green, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court previously referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Petitioner was previously convicted of (1) possessing a firearm after having been convicted of a felony and (2) interstate travel and attempted possession of a destructive device in furtherance of the crime of violence. In order for a prisoner to challenge a federal criminal conviction in a petition brought pursuant to 28 U.S.C. § 2241, he must assert a ground for review that: (1) is based on a retroactively applicable decision of the United States Supreme Court which demonstrates he was convicted of a nonexistent offense and (2) was foreclosed by established circuit law at the time when it could have been raised during trial, on direct appeal or in a initial motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. *Reyes v. Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner's grounds for review fail to meet this standard. Petitioner contends he is actually innocent of the offenses he was convicted of committing and that there was insufficient evidence to support the convictions. However, the *Reyes-Requena* standard is not met by an assertion that a petitioner did not commit the acts he was accused of committing or that the government failed to adequately prove he committed the acts. Instead, a petitioner must assert that even if it is assumed he committed the acts he was accused of committing, such acts, because of an intervening change in law, do not constitute a crime. Petitioner is not asserting that the acts he was accused of committing do not constitute a crime.

In addition, petitioner contends he improperly received a longer sentence because the sentencing court made incorrect determinations concerning his prior convictions. However, this ground for review attacks the validity of petitioner's sentence, not his convictions, and therefore "does not amount to a claim that he was convicted of a nonexistent offense as required by the *Reyes-Requena* ... test." *Wesson v. U.S. Penitentiary Beaumont TX*, 305 F.3d 343, 348 (5th Cir. 2002).

<u>**ORDER**</u>

For the reasons set forth above, petitioner's objections are without merit and are therefore **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

**So ORDERED and SIGNED this 9th day of November, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE